UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

ACCESS 4 ALL, INC., a Florida not for profit
corporation, and FELIX ESPOSITO, Individually,

      Plaintiffs,

                                      CASE NO.: 1:04-CV-12347-MAP

v.

DELANCEY CLINTON ASSOCIATES, L.P.,
a Pennsylvania Limited Partnership,

      Defendant.

_____/

## PLAINTIFFS' MOTION TO RE-OPEN CASE

**COMES NOW** the Plaintiffs, ACCESS 4 ALL, INC., a Florida not for profit corporation,

and FELIX ESPOSITO, Individually, by and through her undersigned counsel, and moves to re-open

the subject case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and as grounds

therefore, state the following:

1.      On April 8, 2005, this Court dismissed the above captioned matter for failure of the

Plaintiff to file returns of service within 120 days of the filing of the Complaint

pursuant to the provisions of Local Rule 4.1 and F.R.Civ.P. 4(m).

2.      Prior to the time that this Court dismissed the case, Craig Nicewicz, Courtroom Clerk

to the Honorable Nathan M. Gorton, has sent an e-mail to the undersigned law firm,

asking counsel, "What is the status of this matter? Service?". In response thereto, the

undersigned law firm replied to Mr. Nicewicz and explained the efforts that were

being taken by the undersigned law firm to attempt service of process on the

Defendant. A copy of the e-mail communication to Mr. Nicewicz is attached hereto

as Exhibit A.

3.    As it turns out, after receiving the Order of Dismissal, contact was made with the process server who indicated that service of process was effectuated on the Defendant on March 31, 2005. The undersigned law firm has not, as of this date, recieved the return of service.

4.    Prior to the successful completion of service of process, and since the inception of the subject lawsuit, the undersigned firm has diligently pursued service of process on the Defendant as follows:

A.    Being that the subject Defendant is a Pennsylvania Limited Partnership, the first attempted service on the Defendant was to attempt service on Kenneth Balin, the president of Delancey Clinton Inc., the general partner of the Defendant, as no registered agent was listed with the Secretary of State of Pennsylvania. Attached hereto as Exhibit B is the printout from the Secretary of State of Pennsylvania reflecting the records of the Defendant, Delancey Clinton Associates, L.P., and its general partner, Delancey Clinton Inc. Attached hereto as Exhibit C is the first return of service reflecting four unsuccessful attempts to serve Mr. Balin.

B.    Next, an alias summons was issued to the Defendant for service at the corporate address listed with the Secretary of State of Pennsylvania, 226 West Rittenhouse Square, Philadelphia, Pennsylvania. Attempts to serve Defendant there were not effective, as evidenced by the attached Exhibit D, return of service, which indicates that the building manager stated that no such entity existed in the building.

C.    Thereafter, the law firm instructed the process server to go to suite 3200,

which was the suite number set forth on the records with the Secretary of State in Pennsylvania. Attached hereto as Exhibit E is the return of service indicating that this attempt was also unsuccessful.

D.     The undersigned law firm prepared an alias summons to be served on the Defendant by serving its registered agent in Massachusetts, CT Corporation System, 101 Federal Street, Boston, Massachusetts. This service was effectuated, according to the process server on March 31, 2005. Apparently, the return of service is in line to be filed with the Court or has been filed with the Court, but does not yet appear on the present Court docket sheet.

4.     Rule 60(b) allows the Court to relieve a party from a final judgment, order or proceeding for many reasons, including mistake or inadvertence or excusable neglect. In this case, the undersigned counsel did not file for an extension of time and mistakenly thought, that through the law firm's communication with the Court, the matter was not going to be dismissed as the Court was aware of the diligence being undertaken by the undersigned law firm.

5.     In any case, it would seem administratively more efficient for the Court to re-open the subject case, as service of process has already been effectuated, rather than the Plaintiff having to file a new lawsuit and incur the incumbent cost involved therewith. Furthermore, no prejudice will result to the Defendant should the Court grant relief to the Plaintiffs' Motion to Re-open the Case.

WHEREFORE, it is respectfully requested that this Court re-open the subject case and compel the Defendant to respond to the Complaint filed herein within the time the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by U.S. Mail

on this _15ᵗʰ_ day of April 2005 to: CT Corporation System, 101 Federal Street, Boston,

Massachusetts 02110, as registered agent for Delancey Clinton Associates, Limited Partnership.

Respectfully Submitted,

FULLER, FULLER & ASSOCIATES, P.A.
Attorneys for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
Tel.: (305) 891-5199
Fax: (305) 893-9505
FFA@fullerfuller.com


By: _____
     O. Oliver Wragg, Esq., Of Counsel
     (BBO 643152)