FILED
N CLERK'S OFFICE

2005 JUN -3 P 4: 07

U.S. DISTRICT CO
DIST. OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ACCESS 4 ALL, INC. and
FELIX ESPOSITO,                          :
                                         :
            Plaintiffs,                  :        CIVIL ACTION NO.
                                         :        04-12347 (MAP)
v.                                       :
                                         :
DELANCY CLINTON ASSOCIATES,              :
L.P., a Pennsylvania Limited Partnership :
                                         :
            Defendant.                   :        JUNE 3, 2005

ANSWER AND SPECIAL DEFENSES

Defendant DELANCY CLINTON ASSOCIATES, L. P. ("Delancy") hereby answers

the allegations of the Plaintiff's Complaint and asserts special defenses as follows:


**JURISDICTION AND VENUE**

1.      Delancy makes no response to Paragraph 1 as it is in the nature of a

jurisdictional statement.

2.      Delancy makes no response to Paragraph 2 as it is in the nature of a statement

of venue.

3.      Delancy lacks sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 3, and, therefore, leaves Plaintiffs to their proof.

4.      Delancy lacks sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 4, and, therefore, leaves Plaintiffs to their proof.

5.    Delancy admits the allegations contained in Paragraph 5.

**STATUTORY BACKGROUND**

6.    Delancy makes no response to Paragraph 6 as it is in the nature of statutory background.

7.    Delancy makes no response to Paragraph 7 as it is in the nature of statutory background.

8.    Delancy makes no response to Paragraph 8 as it is in the nature of statutory background.

9.    Delancy makes no response to Paragraph 9 as it is in the nature of statutory background.

10.    Delancy makes no response to Paragraph 10 as it is in the nature of statutory background.

**THE PARTIES AND STANDING**

11.    Delancy lacks sufficient knowledge or information to admit or deny the allegations contained in the first two sentences of Paragraph 11. Delancy denies the remaining allegations contained in Paragraph 11.

12.    Delancy lacks sufficient knowledge or information to admit or deny the most of the allegations contained in Paragraph 12. Delancy admits that on September 11, 2004, it had a guest registered under the name "Felix Esposito." Delancy denies that Mr. Esposito encountered architectural barriers at its facility.

13.    Delancy denies the allegations contained in Paragraph 13.

14.     Delancy denies the allegations contained in Paragraph 14.

15.     Delancy admits the allegations contained in Paragraph 15.

16.     Delancy denies the allegations contained in Paragraph 16.

17.     Delancy lacks sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 17, and, therefore, leaves Plaintiffs to their proof.

18.     Delancy denies the allegations contained in Paragraph 18.


## THE INSTANT CLAIM

19.     Delancy responds to the allegations contained in Paragraph 19 as follows:


## PARKING

a.   Delancy denies the allegations contained in Paragraph a.

b.   Delancy denies the allegations contained in Paragraph b.

c.   Delancy denies the allegations contained in Paragraph c.

d.   Delancy denies the allegations contained in Paragraph d.

e.   Delancy denies the allegations contained in Paragraph e.

f.   Delancy admits that its spaces are not presently outlined in blue, but otherwise

     denies the allegations contained in Paragraph f.


## ENTRANCE ACCESS AND PATH OF TRAVEL

a.   Delancy denies the allegations contained in Paragraph a.

b.   Delancy denies the allegations contained in Paragraph b.

c.   Delancy denies the allegations contained in Paragraph c.

   d.  Delancy denies the allegations contained in Paragraph d.

   e.  Delancy denies the allegations contained in Paragraph e.

## ACCESS TO GOODS AND SERVICES

   a.  Delancy denies the allegations contained in Paragraph a.

   b.  Delancy admits that certain payphones do not have a volume control devise, but

       otherwise denies the allegations contained in Paragraph b.

   c.  Delancy denies the allegations contained in Paragraph c.

## ACCESS TO GUEST ROOMS

   a.  Delancy denies the allegations contained in Paragraph a.

   b.  Delancy denies the allegations contained in Paragraph b.

   c.  Delancy denies the allegations contained in Paragraph c.

   d.  Delancy denies the allegations contained in Paragraph d.

   e.  Delancy denies the allegations contained in Paragraph e.

   f.  Delancy denies the allegations contained in Paragraph f.

   g.  Delancy admits that it has plans to modify certain guest rooms to construct roll-

       in showers, but otherwise denies the allegations contained in Paragraph g.

## INDOOR POOL

   a.  Delancy denies the allegations contained in Paragraph a.

## OUTDOOR POOL

    a. Delancy denies the allegations contained in Paragraph a.

    b. Delancy denies the allegations contained in Paragraph b.

20.    Delancy denies that there are any alleged violations that materially affect usability. With respect to Plaintiffs' demand for an inspection, no response is required. Furthermore, to the extent Plaintiffs allege liability, Delancy denies said allegations contained in Paragraph 20.

21.    Delancy does not respond to Paragraph 21 as it asserts legal conclusions.

22.    Delancy does not respond to Paragraph 22 as it asserts legal conclusions.

23.    Delancy denies the allegations contained in Paragraph 23.

24.    Delancy denies the allegations contained in Paragraph 24.

25.    Delancy lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25, and, therefore, leaves Plaintiffs to their proof.

26.    Delancy does not respond to Paragraph 26 as it asserts a legal conclusion.

27.    Delancy denies the allegations contained in Paragraph 27.

28.    Delancy does not respond to Paragraph 28 as it asserts a legal conclusion

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs lack standing to bring this action.

### SECOND AFFIRMATIVE DEFENSE

1.    Plaintiffs fail to state a claim upon which relief may be granted.  There are no barriers to accessibility at the facility.

2.    The facility modifications or accommodations which are readily achievable to improve access to the property have either been accomplished, are in progress and nearly completion, or are planned for implementation in the near future as a result of proactive, voluntary efforts by Delancy to comply with the ADA.

3.    To the extent, if any, that architectural or other barriers to access to the subject Property for persons with disabilities, as alleged in the Complaint, have not been removed, such removal is not readily achievable and would impose an undue burden upon Delancy.

### THIRD AFFIRMATIVE DEFENSE

1.    Plaintiffs have failed to exhaust their administrative remedies pursuant to 42 U.S.C. § 2000a-3(c).

DEFENDANT – DELANCY CLINTON ASSOCIATES
L. P.


By:_____
Michael Colgan Harrington - #BBO565144
mharrington@murthalaw.com

Murtha Cullina LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Its Attorneys

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was mailed first-class, postage

prepaid, on this 3rd day of June, 2005 to:


O. Oliver Wragg, Esq.
Fuller, Fuller and Associates, P.A.
12000 Biscayne Boulevard, Suite 609
North Miami, FL  33181


Michael Colgan Harrington

806848