UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| ACCESS 4 ALL, INC. and FELIX ESPOSITO, : : : | |
| Plaintiffs, : : | CIVIL ACTION NO. 04-12347 (MAP) |
| v. : : | |
| DELANCY CLINTON ASSOCIATES, L.P., a Pennsylvania Limited Partnership : : : : | |
| Defendant. : | JULY 11, 2005 |

**JOINT STATEMENT FOR JULY 20, 2005
INITIAL SCHEDULING CONFERENCE**

Pursuant to Fed.R.Civ.P. 26 and Local Rule 16.1, Plaintiffs Access 4 All, Inc. ("Access)" and Felix Esposito (collectively the "Plaintiffs") and Defendant Delancey Clinton Associates, L.P. ("Delancy") submit this joint statement for the Scheduling Conference on July 20, 2005. The parties propose the following dates and discovery plan:

**I.   JOINT DISCOVERY PLAN**

| EVENT | DATE |
|---|---|
| Automatic Initial Disclosures by | July 31, 2005 |
| Rule 34 Inspection will be completed by | Defendant intends to challenge Plaintiffs' standing to bring this action and wishes to address their right to conduct an inspection at the July 20, 2005 Scheduling Conference. |

| EVENT | DATE |
|---|---|
| Plaintiffs' Expert Witnesses will be identified by | September 1, 2005 |
| Plaintiffs' Expert Reports will be provided by | September 1, 2005 |
| Written Discovery will be completed by | September 15, 2005 |
| Deposition of Fact Witnesses will be completed by | October 15, 2005 |
| Defendant's Expert Witnesses will be identified by | October 15, 2005 |
| Defendant's Expert Reports will be provided by | October 15, 2005 |
| Deposition of Expert Witnesses will be completed by | November 15, 2005 |
| Dispositive Motions will be filed by | December 15, 2005 |
| Final Pretrial Conference can be held after | February 17, 2006 |
| Trial may begin after | May 15, 2006 |
| Estimated Length of Trial [trial days] | 1-2 |
| Jury / Non-Jury | Non-Jury |
| All parties consent to Proceed Before Magistrate Judge | Yes |

## II.   PRE-DISCOVERY INITIAL OF CORE INFORMATION

The parties will exchange Initial Disclosures as required by Fed.R.Civ.P. 26(a)(1) by July 31, 2005.

## III.   AGREED DISCOVERY PLAN FOR PLAINTIFFS AND DEFENDANT

### A.   Corporate Disclosure Statement Pursuant to Local Rule 7.3.

Every corporate party that has appeared in this action to date will file and serve a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current, on or before July 31, 2005.

### B.   Phased Discovery

Given the limited scope of discovery, i.e. whether any modification of the Springfield Holiday Inn is required by the ADA, the parties do not believe phased discovery is appropriate in this case.

### C.   Limits on Discovery –

#### 1.   Depositions

(a)   It is anticipated Plaintiffs will depose the corporate representative of Defendant with the most knowledge regarding (1) ADA compliance; (2) construction and improvements made to Defendant's facility since 1992; and

(3) financial status of Defendant; and Defendant's expert(s), if any.

(b) Defendant intends to depose witnesses in accordance with the Federal Rules of Civil Procedure and the Local Rules, including but not limited to, Plaintiffs, Plaintiffs' expert witness(es), if any, and such other witnesses discovered in the course of the discovery process to determine whether Plaintiffs have standing to bring this action and whether they state a cognizable claim.

2. **Interrogatories**

(a) Pursuant to Local Rule 26.1(C), each side will file no more than twenty-five (25) interrogatories.

(b) Plaintiff will utilize interrogatories to determine the identity of witnesses, the availability of documents, and the facts concerning ADA compliance. The initial interrogatories will be served after filing this report, but in no event later than 33 days prior to any discovery cut-off agreed to by the parties or ordered by the Court.

    (c)    Defendant intends to use interrogatories to determine whether Plaintiffs have standing to bring this action, whether they assert a cognizable claim, and the nature of their damages, if any. The initial interrogatories will be served after filing this report, but in no event later than 33 days prior to any fact discovery cut-off agreed to by the parties or ordered by the Court.

3. **Document Requests and Inspection of Property**

    (a)    Pursuant to Local Rule 26.1(c), each side shall limit their requests for production to two (2) sets.

    (b)    Plaintiffs will seek inspection of the premises under Rule 34, including photographing with the Rule 34 premises inspection request. Plaintiffs will also file a Request for Production of Documents. Plaintiff shall serve discovery within the above time limits, but in no event later than 33 days prior to any fact discovery cut-off agreed to by the parties or ordered by the Court.

    (c)    Defendant intends to use requests for production of documents in the manner authorized by the applicable rules at the appropriate time or times, but in no event later than 33

days prior to any fact discovery cut-off agreed to by the parties or ordered by the Court.

4. **Requests to Admit**

    (a) Plaintiffs intend, and reserve the right to utilize requests for admission to authenticate documents and narrow issues of fact which remain for determination by the Court, but in no event later than 33 days prior to any fact discovery cut-off agreed to by the parties or ordered by the Court.

    (b) Defendant intends to use requests for admission at the appropriate time, but in no event later than 33 days prior to any fact discovery cut-off agreed to by the parties or ordered by the Court.

C. **Discovery Deadlines –**

The parties propose the various discovery deadlines outlined above. The parties shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. In addition, the parties agree to supplement any discovery responses within thirty days after the need for supplementation is known.

**D.    Disclosure of Expert Testimony –**

On or before the dates set forth in the above table for disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree to supplement respones 30 days after the need for supplementation is known.

**E.    Confidentiality Agreements –**

The parties request the Court to enforce an appropriate stipulated and signed confidentiality agreement. Plaintiffs will work with Defendant on arriving at a mutually acceptable confidentiality agreement or the entry of a confidentiality order, confidential or proprietary material exchanged between the parties would be treated as confidential. Defendant is to provide Plaintiffs with a proposed form of a confidentiality agreement to further the parties' efforts in this regard.

**F.    Other Matters Regarding Discovery –**

None.

IV.  **SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

   A.  **Settlement/Mediation** – The parties agree that settlement may be likely. The parties are likely to request a settlement conference before magistrate in the future. The Plaintiffs shall submit their first written settlement proposal to Delancy as required by Local Rule 16.1(C) on or before July 10, 2005.

V.  **OTHER INFORMATION THE PARTIES DEEM HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE**

   A.  **Statement of the Nature of the Claim:**

   This is a suit for injunctive relief brought pursuant to the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and Section 504 of the Rehabilitation Act of Massachusetts. The Defendant is the owner of a place of public accommodation as defined under the Americans with Disabilities Act. The Plaintiffs seek an injunction requiring the removal of architectural barriers to the physically disabled that the Plaintiffs contend are readily achievable. The Defendant asserts that it has complied with its obligations under the ADA and that certain modifications to the Defendant's facilities are not readily achievable, not required, or would create an undue hardship on the Defendant.

B. **Summary of Stipulated or Uncontested Facts:**

1. The Defendant is the owner of the Springfield Holiday Inn.

2. The Defendant's property is a place of public accommodation within the meaning of the Americans with Disabilities Act.

C. **Summary of issues as presently known:**

1. Whether the Defendant's property contains barriers to access as defined under the Americans with Disabilities Act.

2. Whether the removal of any such barriers is required or is readily achievable.

3. Whether the removal of the barriers, if any, would create an undue hardship on the Defendant.

4. Whether the Plaintiff are entitled to attorneys' fees and costs for this action.

D. **Summary of pending motions, if any:**

None at this time.

E. **Unique legal or factual aspects of the case:**

None.

## VI. CERTIFICATIONS OF AUTHORIZED REPRESENTATIVES AND COUNSEL

The parties have or will submit a certification signed by counsel and authorized representatives as required by Local Rule 16.1(D)(3).

PLAINTIFFS:
ACCESS 4 ALL, INC.,
and FELIX ESPOSITO

By: _____
O. Oliver Wragg, Esq.
(BBO #643152)
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
Tel.: (305)891-5199
Fax: (305)893-9505

DEFENDANT:
DELANCEY CLINTON
ASSOCIATES, L.P.,

By: _____
Michael Colgan Harrington, Esq.
Murtha Cullina, LLP
185 Asylum Street, CityPlace I
Hartford, CT 06103-3469
Bar No.: BBO 565144
Tel: (860)240-6000
Fax: (860)240-6150

Dated: July 11, 2005