UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (SPRINGFIELD)

ACCESS 4 ALL, INC., a Not for Profit
Corporation, and FELIX ESPOSITO,
Individually,

                                            Case No. 3:04-cv-12347-KPN

      Plaintiffs,

v.

DELANCEY CLINTON ASSOCIATES, L.P., a
Pennsylvania Limited Partnership,

      Defendant.
_____/

## NOTICE OF FILING SETTLEMENT AGREEMENT

COME NOW, Plaintiffs, and pursuant to Order of Court dated June 12, 2006, hereby file the Settlement Agreement, attached hereto as Exhibit A. In accordance with the Stipulation For Approval Of Settlement Agreement, filed June 2, 2006, Plaintiffs respectfully request that this Court Approve the Settlement Agreement.

*For the Plaintiffs:*

**FULLER, FULLER & ASSOCIATES, P.A.**
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
Tel. 305-891-5199; Fax 305-893-9505
Email: ffa@fullerfuller.com

By: _____
     John P. Fuller, Esq., *Pro Hac Vice*
     FL Bar No. 0276847

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record pursuant to the electronic case filing system of this Court this day.

6/12/06
Date

John P. Fuller, *Pro Hac Vice*

3638-MA Notice of filing settlement agreement (Tbb 6-12-06).wpd

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ACCESS 4 ALL, INC. and  :
FELIX ESPOSITO,         :
                        :
       Plaintiffs,       :        CIVIL ACTION NO.
                        :        04-12347 (MAP)
v.                      :
                        :
DELANCEY CLINTON ASSOCIATES,  :
L.P., a Pennsylvania Limited Partnership  :
                        :
       Defendant.        :        MAY __, 2006

SETTLEMENT AGREEMENT AND RELEASE

    WHEREAS Defendant Delancey Clinton Associates, L.P. ("Delancey") operates a hotel in Springfield, Massachusetts as a Holiday Inn;

    WHEREAS, Plaintiffs Access 4 All, Inc. and Felix Esposito have sued Delancey under the Americans With Disabilities Act;

    WHEREAS, Defendant has denied Plaintiffs' allegations and has asserted several affirmative defenses, including a challenge to the Plaintiffs' standing to bring the action;

    WHEREAS both parties wish to resolve this matter to avoid the cost, expenses and the uncertainty of litigating the matter further;

    THEREFORE, the parties agree to settle this matter as follows:

    1.    <u>Parties.</u>  The parties to this agreement are Plaintiffs Access 4 All, Inc. and Felix Esposito and Defendant Delancey Clinton Associates, L.P. ("Delancey"). Except as provided in Paragraph 4 ("General Release"), the terms of this Agreement do not bind any other party, including any successors.

    2.    <u>No Admission of Liability</u>. Neither the negotiation, undertaking, agreement nor execution of this Agreement shall constitute or operate as an acknowledgement or admission of any wrongdoing or violation of any law, contract, regulation or statute by the parties, including any person acting on behalf of the parties in any capacity whatsoever.



3. <u>Court Retention of Jurisdiction</u>. When all issues are resolved between the parties, the parties hereby agree and will request the Court to enter a Final Order of Dismissal With Prejudice as to all claims, providing for retention of jurisdiction by the Court to enforce, as necessary the terms of this Agreement. This Agreement is expressly contingent on the Court's retention of jurisdiction to enforce same.

4. <u>Modifications</u>. The modifications described in this Agreement, as are readily achievable, shall be implemented according to the standards set out in the ADAAG in existence at the time of this Agreement. Completion of the modifications pursuant to the ADAAG shall be considered full compliance with the ADA.

In full settlement of this action, subject to the provisions herein, Delancey agrees to accomplish the following modifications according to the schedule outlined below:

I. <u>PARKING</u> (270 Spaces)

    (a) Provide 7 accessible parking spaces, 1 of which will be van accessible. Delancey intends to locate all accessible spaces in the front of the building.

    (b) All spaces will be properly designated with required striping and signage in accordance with the ADAAG requirements.

- Complete by December 15, 2006.

II. <u>EXTERIOR ACCESSIBLE ROUTES</u>

    (a) No immediate changes will be made to the back parking area because all accessible spaces shall be relocated to the front parking area.

    (b) Provide signage at rear entrance indicating location of accessible entry. The existing handicap marks in the rear parking area shall be eliminated.

    (c) The front entrance shall be regarded as ADA curb ramp. The ramp shall have a smooth transition as required by the ADA.

- Complete by December 15, 2006.

III. <u>INTERIOR RAMP</u>

    (a)    There shall be no change in slope of the interior ramp on the 12th floor by the restaurant. Delancey shall accommodate guests by offering to assist them. A sign shall be posted and a bell shall be installed at top and bottom of ramp so that guest may request assistance.

    (b)    To the extent possible, a handrail will be provided on both sides of the ramp.

- Complete by December 15, 2006.

IV. <u>ACCESSIBLE PUBLIC RESTROOMS</u>

    (a)    Proper signage as required by the ADA shall be installed.

    (b)    Required knee clearance in lavatories shall be provided. The top of the lavatory counter should be 34 inches above the finished floor, and there should be required knee and toe clearance. Moreover, the apron clearance should be at least 29 inches.

    (c)    Required grab bars shall be installed.

    (d)    Flushometers (automatic) have been installed.

    (e)    Dispensers shall be relocated as required by the ADA.

    (f)    Auto-closing on some accessible stalls shall be installed.

    (g)    The outer door to the public Men's Restroom on the 12th floor shall be removed.

    (h)    The pipes in the disabled lavatory shall be insulated.

- Complete by April 15, 2007.

V. <u>ACCESSIBLE GUEST ROOMS</u> (242 Guestrooms)

    (a)    Create required number of accessible rooms; add roll-in showers to 3 accessible rooms. In particular, there should be seven (7) accessible

rooms that comply with the ADA Accessibility Guidance for Buildings and Facilities (ADAAG) § 9.1.3, which can be satisfied by providing equivalent facilitation under § 9.3.2.

    (b)    Create different classes of accommodation rooms.

    (c)    Add visual notification devices to 7 rooms.

    (d)    Replace sinks.

    (e)    Purchase in-tub seats.

    (f)    Relocate grab bars.

    (g)    Relocate controls.

    (h)    Relocate grab bars.

    (i)    Relocate dispensers.

    (j)    Adjust height of room lock.

    (k)    Doors – Reverse door swing and provide proper latch side clearance and/or automatic door opener from inside.

    (l)    Relocate clothes rack or lessen projection.

    (m)    Add casters to desks/tables to increase clearance.

    (n)    Clear furniture from lamps and air conditioning units.

    (o)    Add required alarms where not currently present.

- Complete by December 31, 2007.

VI.    <u>ACCESS TO GOODS AND SERVICES</u>

    A.    Guest Information.

- Fire-safety information, room rate information, television and telephone information cards, menus, guest services guides, etc. shall be made available in alternate format(s).

- Complete by: April 15, 2007.

B. Counters.

- A collapsible shelf on front desk towards AVIS shall be installed, or an accessible desk shall be added with appropriate signage in lobby.

- A sign in restaurant shall be posted offering table services upon request.

- Complete by: December 15, 2006.

C. Handrails by Restaurant.

- To the extent possible, required handrails shall be installed.

- Complete by: January 15, 2007.

D. Tables in Restaurant, Bakery Express, and Business Office.

- Tables with required clearance in Lounge and Bakery shall be provided.

- Complete by: April 15, 2007.

E. Public Pay Phones.

- All Pay, House and/or Public Phones shall be removed or replaced as required by the ADA.

- Complete by: July 15, 2007.

    F.    Signage.

- Requisite signage shall be properly posted.
- Complete by: December 31, 2007.

    G.    Exercise Room.

- Place a sign "See Front Desk Personnel".
- Provide plastic, water fillable dumbbell set for only handicap use at front desk.

- Complete by: December 15, 2006.

VII.    <u>ALARMS</u>

    (a)    Furnish additional strobes and upgrade fire alarm strobes/horns.

- Complete By: December 31, 2007.

VII.    <u>TRAINING</u>

Defendant shall train staff regarding the accommodations available to guests and how to provide assistance to disabled guests.

- Complete By: December 31, 2007.

    5.    <u>Attorneys' Fees and Costs</u>. Pursuant to 42 U.S.C. § 12205, Defendant shall pay Plaintiffs' counsel, Fuller, Fuller, and Associates, for Plaintiffs' reasonable attorneys' fees, litigation expenses and costs incurred in this matter, which may include the reasonable fees and costs for: Access-Ability, Inc., Plaintiffs' expert. The amounts to be paid shall be established by counsel for the parties by separate agreement. If, however, counsel for the parties are unable to determine the reasonable attorneys' fees, including reasonable litigation expenses, expert's fees and costs to be paid, the amount to be paid shall be determined by the Court. If determined by a Magistrate Judge the parties agree that the Magistrate Judge may enter a judgment pursuant to 28 U.S.C. §636(c). Upon agreement by the parties or determination by the Court of the reasonable attorneys' fees, litigation expenses, expert's fees and costs issue, such fees and costs shall be paid to Plaintiffs' counsel and expert, as the case

may be, on or before fifteen (15) business days from the date of such agreement or determination.

If either party brings suit to enforce the terms of this Agreement and prevails, it shall be entitled to reasonable attorney's fees and costs.

6. <u>General Release by Felix Esposito and Access 4 All, Inc.</u>. TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT, except as otherwise provided in this Agreement, Felix Esposito and Access 4 All, Inc., for themselves, their heirs, executors, assigns and for any person claiming on their behalf, directly or indirectly, as RELEASORS, in consideration of actions to be take by Delancey pursuant to the terms of this Agreement and other good and valuable consideration received from Delancey Clinton Associates, L.P., as RELEASEE, releases and forever discharges the RELEASEE, RELEASEE'S affiliates, parent, subsidiaries, partners, owners, executors, administrators, successors, assigns, employees, board members, officers, fiduciaries, attorneys and agents from any and all claims, actions, rights, causes of action, suits, liabilities, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law, admiralty or equity, including, but not limited to, any and all possible claims which could be brought under the Americans with Disabilities Act ("ADA"), and any other state, local, or federal statute, regulation, or ordinance, including any potential claim for attorney's fees, which Plaintiffs for themselves or anyone claiming on their behalf ever had, now have or hereafter can, shall or may have regarding the subject property from the beginning of the world to the day of the date of this Agreement. RELEASORS INTEND THAT THIS PARAGRAPH SHALL BE CONSTRUED AS A GENERAL RELEASE.

Nothing in this Release shall preclude Plaintiffs from enforcing Defendant's obligations under this Agreement.

7. <u>Waiver of All Claims by Plaintiffs</u>. Plaintiffs further covenant and agree that they will forever forbear from pursuing and does hereby waive and withdraw any legal proceedings, administrative or judicial, against Delancey Clinton Associates, L.P., its affiliates, parent, subsidiaries, partners, owners, executors, administrators, successors, assigns, employees, board members, officers, fiduciaries, attorneys and agents, and they will not in any other way make or continue to make any demand or claims against Delancey Clinton Associates, L.P. concerning and occurring at any time up to and including the Effective Date of this Agreement. Plaintiffs represent that they have not assigned any of their asserted or unasserted claims to any person or entity and acknowledges that Delancey Clinton Associates, L.P. enters into this Agreement in reliance on that representation. Plaintiffs represent that they have not filed any complaints against Delancey Clinton Associates, L.P. in any court

regarding any act that occurred prior to the Effective Date of this Agreement, and that they will not do so at any time hereafter, other than to enforce their rights under this Agreement.

Upon execution of this agreement, and after the parties have agree to the amount of fees and costs to be paid, or after the Court's determination thereof, Plaintiffs shall withdraw this action, captioned as <u>Access 4 All, Inc. v. Delancey</u>, Case No. 04-CV-12347, with prejudice. The parties agree to submit to the Court's jurisdiction for enforcement of the terms of this Agreement.

8. <u>Indemnity and Hold Harmless</u>. Plaintiffs covenant not to file or pursue any lawsuits concerning the matters released above. If Plaintiffs attempt to bring or pursue such a lawsuit, they shall indemnify and hold harmless Delancey Clinton Associates, L.P., its affiliates, parent, subsidiaries, owners, executors, administrators, successors, assigns, employees, board members, officers, fiduciaries, attorneys and agents from all costs, attorney's fees and liability occasioned by any such lawsuit.

9. <u>Complete Agreement</u>. The parties agree that this Agreement contains all promises and covenants exchange by them, and would not have been agreed upon but for the inclusion of each of its conditions. The terms and conditions herein constitute the entire agreement between the parties and supersedes all previous and contemporaneous statements, communications, representations or agreements, either written or oral, by or between the parties with respect to that subject matter hereof.

This Agreement shall not be modified or amended except by an instrument in writing under seal signed by all the parties hereto.

10. <u>Reinspection and Delays</u>. All alterations, modifications, and policies required by this Settlement Agreement shall be completed prior to the reinspection date set forth below, unless a different completion date is otherwise stated herein. So long as Defendant continues to own and operate the subject property, a final property reinspection conducted by Plaintiff(s) may take place between January 15, 2008 and July 15, 2008 to ensure that the modifications to the subject property have been completed as provided herein.

The parties agree that any delays in making the modifications to the property as provided for pursuant to this Agreement, caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, new ownership, or franchises, will not be deemed to violate the compliance dates contained herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

11. <u>Confidentiality</u>. The parties warrant that all the provisions of this Settlement Agreement will remain in strict confidence, except where disclosure is required under

appropriate legal process or is necessary to resolve the issue of attorney's fees and/or costs. The parties agree to refrain from making any statements about the lawsuit, the allegations contained herein, or this Settlement Agreement except that the Defendant may share this Settlement Agreement with any prospective purchasers and with any parties engaged to perform the barrier removal obligations herein.

      12.    <u>Counterparts</u>.  This Agreement can be executed in any number of counterparts, each of which shall be effective only upon delivery and thereafter shall be deemed an original, and all of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page.  A facsimile copy of any parties signature shall be deemed as legally binding as the original signatures.

***REST OF PAGE INTENTIONALLY LEFT BLANK***

PLAINTIFF:
FELIX ESPOSITO

_____
Felix Esposito

STATE OF            :
                    : SS.  ,  5/10        , 2006
COUNTY OF           :

Personally appeared Felix Esposito, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed and the free act and deed of said Felix Esposito, before me.

_____
Notary Public
My Commission Expires:

John Fuller
Commission # DD282714
Expires February 11 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

PLAINTIFF:
ACCESS 4 ALL, INC.,

By: _____

Its
Duly Authorized

STATE OF            :
                    : SS.  ,  5/10        , 2006
COUNTY OF           :

Personally appeared  Peter DiPalma , of Access 4 All, Inc., signer and sealer of the foregoing instrument, and acknowledged the same to be his/her free act and deed as such _____ and the free act and deed of said _____, before me.

_____
Notary Public
My Commission Expires:

John Fuller
Commission # DD282714
Expires February 11 2008
Bonded Troy Fain - Insurance Inc. 800-385-7019

10

DEFENDANT:
DELANCEY CLINTON ASSOCIATES, L.P.,
BY: ~~DELANCEY~~ DELANCEY CLINTON, INC. its general partner

By: _____
BRIAN R. FRIEDMAN, VICE PRESIDENT

STATE OF Pennsylvania ) 
                      ) SS.,   6/1, 2006
COUNTY OF Philadelphia )

    Personally appeared Brian Friedman Vice Pres. of Delancey Clinton Associates, L.P., signer and sealer of the foregoing instrument, and acknowledged the same to be his/her free act and deed as such _____ and the free act and deed of said _____, before me.

_____
Notary Public
My Commission Expires:

NOTARIAL SEAL
THERESA A. DECOSTA, Notary Public
City of Philadelphia, Phila. County
My Commission Expires February 8, 2007

850755 v. 2

11