UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ACCESS 4 ALL, INC. and : 
FELIX ESPOSITO, :
 :
       Plaintiffs, :     CIVIL ACTION NO.
 :     04-12347 (MAP)
v. :
 :
DELANCEY CLINTON ASSOCIATES, :
L.P., a Pennsylvania Limited Partnership :
 :
       Defendant. :     AUGUST 14, 2006

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' VERIFIED APPLICATION FOR ATTORNEYS' FEES COSTS AND EXPERT'S FEES

Defendant Delancey Clinton Associates, L.P. (hereinafter, "Delancey") objects to Plaintiffs' claim for over $38,000 in fees and costs in this case, in which there was minimal discovery, no motion practice and a settlement. Not only is the proposed rate unreasonable for the work undertaken, but the amount of hours proposed is also unreasonable. For the many reasons discussed below, this Court should grant a substantially reduced award.

### STATEMENT OF THE CASE

This case is one of many actions that Plaintiffs' counsel has commenced on behalf of Florida residents suing various establishments in Massachusetts from Martha Vineyard to Springfield[1] under the Americans with Disabilities Act ("ADA"). On November 4, 2004,

---

[1]     Access 4 All and Felix Esposito v. Massachusetts Mutual Life Insurance Co., 04-CV-12240 (GAO); George Iverson v. Wyndham International, Inc., 04-CV-12298 (MEL);

Plaintiffs filed this action against Delancey, which owns and operates the Springfield Holiday Inn. Plaintiffs, however, did not serve the complaint upon Delancey until late March 2005.

As reflected in the Court's docket, this case was not heavily litigated. Delancey answered Plaintiffs' Complaint in June 2005. During the summer, the parties exchanged written discovery, and Plaintiffs' expert and counsel inspected the property in August. Thereafter, the parties commenced discussing settlement and what modifications might be made to the property, which was built in the 1960s. Ultimately, the parties reached an agreement regarding a schedule for modifications to the facility. The parties, however, have not been able to reach an agreement regarding what fees, costs and expenses are reasonable in this case.

## ARGUMENT

Under the ADA, Plaintiffs are entitled to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. However, as the Court of

---

George Iverson v. Wesley Hotel, Inc., 04-CV-12297 (RCL); George Iverson v. Copley Plaza 2001, LLC, 04-CV-12076 (JLT); George Iverson v. WMACH, LLC, 04-CV-12077 (RWZ); George Iverson v. The Village at Chestnut Hill 2, LLC, 04-CV-12078 (RWZ); Access 4 All and Peter A. Spalluto v. BRE/SWISS LLC, 04-CV-12154 (MLW); Access 4 All and Felix Esposito v. Boston HSR LP, 04-CV-12230 (RCL); Access 4 All and Felix Esposito, 04-CV-12231 (NG); George Iverson v. Braintree Property Assoc., L.P., 04-CV-12079 (NG); Access 4 All and Peter Spalluto v. Buckminster Hotel Corp et al, 04-CV-12237 (JLT); Access 4 All and Peter Spalluto v. Buckminster Hotel Corp., 04-CV-12237 (JLT); Access 4 All and Felix Esposito v. GSH Lodging LLC, 04-CV-12238 (JLT); Access 4 All and Felix Esposito v. Sheraton Boston Corp., 04-CV-12339 (NMG).

Appeals in the First Circuit has recognized, the bill submitted by Plaintiffs' counsel "need not be swallowed whole by the client's litigation adversary just because it <u>is</u> the [attorney's] bill." <u>United States v. Metro. Dist. Comm'n</u>, 847 F.2d 12, 17 (1st Cir. 1988) (emphasis in original). In awarding fees, the Court must examine whether the number of hours expended on the case and the hourly rates charge are both reasonable. <u>Alfonso v. Aufiero</u>, 66 F. Supp. 2d 183, 192 (D. Mass. 1999).

As a starting point for determining an appropriate award of attorney's fees, the First Circuit has adopted the "lodestar" method. <u>Metro. Dist. Comm'n</u>, 847 F.2d at 15. Under this method, a reasonable hourly rate for the legal services provided is multiplied by a number of hours reasonably expended. <u>Id.</u> "Typically, a court proceeds by determining the number of hours actually spent and then subtracting from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." <u>Id.</u> (Internal quotation marks omitted). A reasonable hourly rate is then determined by generally considering the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation. <u>Alfonso</u>, 66 F. Supp. 2d at 197.

I.  <u>PLAINTIFFS' COUNSEL'S PROPOSED RATES ARE NOT REASONABLE.</u>

In this case, Plaintiffs' proposed hourly rates are not reasonable. Plaintiffs' application requests that they be awarded $325 per hour for all of the time spent by Attorneys Wragg and Fuller on this case, $240 per hour for the time Attorney Dickerson spent, and $115 per hour for time spent by their paralegal. Ignoring the precedent in the

First Circuit, Plaintiffs have failed to propose any rates for their attorneys' non-core activities. See Alfonso, 66 F. Supp. 2d at 195.

"Core" activities are those tasks that require the special skill of lawyers and involve "independent legal thought." Alfonso, 66 F. Supp. 2d at 196. Core activities include legal research, drafting legal documents, court appearances, negotiating with opposing counsel, taking depositions, trial, etc. Non-core activities consists of less demanding tasks, such as "writing and reviewing correspondence, telephone calls (including calls to opposing counsel), consultations with third parties, meeting with plaintiffs other than those preparing for depositions or immediately before trial, responding to discovery requests, issuing subpoenas and noticing depositions, writing memoranda to the file, scheduling, travel and file review." Id. In addition, "time spent preparing fee petitions is also considered non-core" because it involves "little more than documenting what a lawyer did and why he or she did it." Brewster v. Dukakis, 3 F.3d 488, 494 (1st Cir. 1993) (internal quotations marks omitted). Non-core is billed at a rate less than the determined reasonable rate charged for core work, generally two-thirds of the determined core rate. Bogan v. Boston, 432 F. Supp. 2d 222, 232 (D. Mass. 2006).

In this case, as reflected in Plaintiff's counsel's submitted bills, most of the activity undertaken by Plaintiffs' counsel was non-core work. Indeed, with the exception of the two conferences held with the Court and drafting the settlement agreement, all of the time expended by Plaintiffs' counsel on this case was for non-core activities.

In determining what rate is reasonable in this case, in addition to the cases cited by Plaintiffs, further guidance is provided by Martinez v. Hodgson, 265 F. Supp. 2d 135 (D. Mass. 2003), in which the District Court held that three years ago an hourly rate of $225 was reasonable for an attorney with 35 years of experience and $120 per hour was a reasonable fee for a junior associate. 265 F. Supp. 2d at 141-46. Furthermore, two years ago, in 2004, rather than determining a core and non-core rate, a Court in this District awarded a "harmonized rate" of $175 per hour for an experienced lawyer because of the substantial time he spent on non-core tasks. Mogilevsky v. Bally Total Fitness Corp., 311 F. Supp. 2d 212, 218 (D. Mass. 2004).

Based upon precedent in this District, a rate of $285 for the core legal work performed by Attorney Fuller and $188 for the non-core work he performed is reasonable. See also, Access 4 All, Inc. v. Safira Investments, Inc., 01-CV-4795, p. 6 (2002)(Attorney Fuller was awarded an hourly fee of $250).

Attorney Wragg and Attorney Dickerson had limited involvement in this case. Given that Attorney Wragg has had less experience than Attorney Fuller, lower rates, such as $260 per hour for core work and $172 per hour for non-core work, should apply.

Attorney Dickerson was just admitted to the bar in April 2004. In light of her two years as an attorney, and in light of precedent in this District, a rate of $140 is a reasonable rate for her core work and $92 is a reasonable rate for non-core work. Likewise, $70 per hour is a reasonable rate for Plaintiffs' counsel's paralegal's services, which were generally clerical in nature.

II.  PLAINTIFFS' COUNSELS' TIME IS NOT REASONABLE.

For multiple reasons, some of the time reported by Attorneys Fuller, Wragg and Dickerson is not reasonable and should be disregarded. As reflected in the Court's docket and in Plaintiffs' submitted bills, this was not a highly litigated action. Rather, after the property inspection, the parties reached an agreement regarding various modifications that will be made to the facility. Indeed, contrary to Plaintiffs' statement, Delancey signed the Settlement Agreement (submitted to the Court on June 2, 2006) in this case less than one year after it answered Plaintiffs' complaint (June 6, 2005). In light of the minimal action legal involved in this case, the amount of time for which Plaintiffs seek to be compensated is unreasonable.

A.  All Time Concerning Serving The Complaint Should Be Excluded

Through no fault of Delancey, Plaintiffs took five months to serve the Complaint on Delancey. The Complaint was filed with the Court on November 4, 2004, and a summons was issued. On April 8, 2005, the Court dismissed this action for failure to file a return of service. On April 15, Plaintiffs' filed a motion to reopen the case with supporting returns of service. Delancey was not responsible for Plaintiffs' delay in serving the complaint and summons. Accordingly, the time expended responding to the Court's dismissal and Plaintiffs' motion to reopen should be excluded from any award. (Fuller: 2/17/05, 2/18/05, 4/14/05 (2 hours); Wragg: 1/17/05, 3/2/05, 4/15/05 (1.7 hours); Dickenson: 12/20/04, 1/18/05, 1/26/05, 2/7/05, 2/24/05, 2/28/05, 3/24/05, 5/3/05 (5.7 hours)). In addition, the

second service of process check should be excluded. (1/18/05).

B. <u>Messages Left for Defense Counsel Should Be Excluded</u>

Plaintiffs' counsel repeatedly left messages for Defendant's counsel. In those messages, which could not have taken more than 30 seconds, Plaintiffs' counsel generally requested Defendant's counsel to call him. Plaintiff's counsel generally claims that each of those messages lasted for 12 minutes. (9/19, 10/5, 10/11, 10/17, 11/3, 12/5, 12/19, 12/29, 1/3, 1/18, 1/24, 3/39, 4/11, 4/27, 5/3, 5/15 (3 hours)). In accordance with <u>Alfonso</u>, all such time should be disregarded. 66 F. Supp. 2d at 196 (Court "deleted the time spent on calls that . . . were unanswered or involved only a message . . .").

C. <u>Travel Time Should Be Excluded</u>

Attorney Fuller has claimed to have spent 4.2 hours traveling to and attending the property inspection on 8/5/05. In <u>Guckenberger v. Boston University</u>, 8 F. Supp.2d 91, 102 (D. Mass. 1998), the Court disallowed travel time for California counsel because no specific legal work was recorded and there was no showing that retention of out-of-state counsel was necessary. Similarly, there has been no showing by Plaintiffs in this case that competent counsel was not available in Massachusetts. Accordingly, Attorney Fuller's travel time should be disregarded. Because Attorney Fuller did not separate his time traveling from his time attending the inspection, the Court should disallow half of the 4.2 hours reported.

D.    Communication with Various Parties

The Court of Appeals has long held that an attorney seeking fee awards must provide "detailed contemporaneous time records." Grendel's Den v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984). Failure to provide such records will result in substantial reduction in any award or a disallowance of an award. Id. In Alfonso, the District Court disallowed a significant number of hours that were not "sufficiently precise." Alfonso, 66 F. Supp. 2d at 194 (e.g. "Drafting documents," "Reviewing document," "Case planning," Trial planning) (Trial preparations" were considered too vague). In this case, Plaintiffs' counsel have multiple, vague entries regarding communications with various individuals, such as "Phone call(s) with client" (9/13/04, 7/20/05, 8/4/05, 8/18/50, 8/31/05, 1/19/06); "Phone call(s) with Mr. DiPalma" (9/14/04, 7/21/05, 9/18/05); "Phone call(s) with Access-Ability (9/15/04); "Phone call(s) with Mr. Baez" (8/18/05, 8/30/05). Moreover, prior to filing the Complaint, Attorney Fuller recorded 3.5 hours talking with (1) an unidentified client, (2) a Mr. DiPalma, and (3) Access-Ability, reviewing an expert report, and "confirming the proper Defendant." Attorney Wragg also reportedly spent 2.2 hours reviewing an expert report, speaking with an unidentified client, and writing to a Mr. DiPalma. None of these entries are sufficiently detailed to access their reasonableness, and therefore should be excluded.

E.    Some of Attorney Fuller's Time Is Excessive and Should Be Excluded.

Attorney Fuller purportedly spent 4.5 hours on January 25, 2006, and .8 hours on February 23, 2006, preparing for a status conference with this Court, which was held on

February 23. This amount of time is excessive and should be reduced in half.

On August 31, 2005, Attorney Fuller purportedly spent 4 hours preparing an initial draft settlement agreement. The next day, Attorney Fuller spent 3.8 hours preparing a notice of deposition, updating an expert witness disclosure, and making modifications to the proposed Settlement Agreement. This amount of time is also excessive and should be reduced in half.

Between June 14, 2006 and July 7, 2006, Attorney Fuller reports spending 14 hours preparing Plaintiffs' application for fees and costs. Given that Attorney Fuller has filed many similar applications, such an amount of time is excessive and should be reduced in half.

III.    COSTS.

Many of the costs Plaintiffs seek reimbursement for are unreasonable and should be denied. Specifically, this Court should deny reimbursement for Plaintiffs' (1) Open/Close File Fee, (2) unnecessary title search; (2) the duplicative pre-complaint expert fee and the anticipatory "re-inspection fee"; (3) the photocopies, telephone courier, faxing charges, and filing fees for pro-hac admission; (4) lodging, meals, tips and car rental for Plaintiffs' expert; and (5) airfare for Plaintiffs' counsel. Also, the cost of Plaintiffs' expert report is excessive and should be reduced.

A.  Open/Close File Charge

On October 29, 2004, Plaintiffs' counsel notes a $175.00 charge to "Open/Close File." This charge does not appear to be necessary for litigating this action and Plaintiffs do not explain its nature. Accordingly, it should be excluded from an award.

B.  Title Search Was Not Necessary

On or about October 29, 2004, Plaintiffs' counsel incurred a $200 title search fee. Plaintiffs do not claim that they ever inquired as to who was the owner and operator of the Springfield Holiday Inn. Indeed, Plaintiff Felix Esposito allegedly stayed at the hotel and had an opportunity to inquire as to the hotel's owner and/or operator. Therefore, the expense of a title search was unnecessary and should be excluded from an award.

C.  Re-Inspection Fee and Pre-Complaint Expert Fee

Prior to the filing of the Complaint in this case, on or about October 29, 2004, Plaintiffs' counsel paid a $750 "Re-Inspection Fee" and a $2,450 Expert Fee to Access-Ability for an inspection that allegedly occurred in September 2004. If such an expert inspection did occur in September 2004, it is wholly duplicative of the expert inspection conducted in August 2005 and should be totally excluded from an award. Moreover, the value of the report is highly suspect given that, among other things, it alleges that there were ADA violations with regard to an outdoor pool that never existed. (Plaintiffs' Ex. 15, p. 3).

It is also not reasonable for Delancey to pay $750 at this time for a "re-inspection" that may or may not occur at some future date. If Delancey does not comply with the terms

of the settlement agreement, Plaintiffs may make a filing with the Court and seek relief as appropriate. See Access 4 All, Inc. v. Park Lane Hotel, Inc., 04-CV-7174, pp. 11-12 (2005)(disallowing $750 re-inspection fee).

D.     Photocopying Charges Should Be Excluded

In certain circumstances, photocopying charges may be awarded. However, in this case, Plaintiffs have not identified what was copied and what cost per page is being charged. As the Court of Appeals in this Circuit has held, it is the Plaintiffs' burden to document in detail all expenses for which the Plaintiffs seek reimbursement. Grendel's Den, 749 F.2d at 951-52. Therefore, Plaintiffs' claim for $308.25 for unidentified photocopying expenses should be excluded. See Access 4 All, Inc. v. Safira Investments, Inc., 01-CV-4795, pp. 10-11 (2002)(generalized cost entries submitted relating to photocopying charges are disallowed).

E.     Telephone Expenses, Courier Service Fees, Postage and Faxing Should Be Excluded.

Plaintiffs seek reimbursement for $ 20.64 for "Telephone Charges," $62.07 for "Courier Service," $8.26 for postage, and $8.00 for faxing some documents. These sorts of expenses may be recoverable in some circumstances. However, in this case, Plaintiffs have failed to provide sufficient information to review the reasonableness of the expenses. As the Court of Appeals has held the party seeking an award for fees and costs must submit sufficiently detailed records so that the reasonableness of the request can be reviewed. See Grendel's Den, Inc., 749 F.2d at 951-52. The dates on Plaintiffs' counsel's invoice do not

appear to match any entries for these expenses. Moreover, the expenses entries have no description as to who were the parties to the call, the purpose of the alleged call, the items delivered, or what was mailed or faxed. Therefore, these claimed expenses should be excluded from an award.

F.  Filing Fees for John Fuller and Tracie Dickerson Should Be Excluded

It appears that Attorney Wragg, who filed the Complaint, is admitted in this District. Attorneys Fuller and Dickerson were not admitted to this Court, and were required to pay a filing fee to be admitted pro-hac vice. Delancey did not object to their motion for admission. However, Delancey should not be responsible for their filing fee and the expense for filing the motion, especially when Attorney Wragg was previously admitted in this District.

G.  2005 Expert Fee Is Excessive

Access-Ability, Inc., which is located in Florida, was retained by Plaintiffs as an expert. On August 24, 2005, Access-Ability submitted a bill for $3937.50 for a property inspection conducted on August 5, 2005, and for a report regarding the inspection. The invoice states that Mr. Baez charged $175 per hour and that 22.5 hours were spent on the inspection and preparing the report. Both the hourly rate and the amount of time Mr. Baez spent on preparing the report are excessive and should be reduced.

As noted in Plaintiffs' submission, only last year did Mr. Baez complete his ADA accessibility apprenticeship. In Access for All, Inc. v. Park Lane Hotel, Inc., 04-CV-7174, p. 10, upon which Plaintiff relies, the Court approved an expert rate of $175 in 2005 for

Herbert Neff, for whom Mr. Baez worked as an assistant. Furthermore, in <u>Access 4 All, Inc. v. Safira Investments, Inc.</u>, 01-CV-4795, p. 9 (2002), which Plaintiffs also cite to the Court, Carol Durbin, who had at least two years of experience and was president of A.D.A. Investigations, Inc., was awarded a fee of $125 per hour. Accordingly, in light of his limited experience, a rate less than Mr. Neff's, such as $150, would be reasonable for Mr. Baez.

The number of hours Mr. Baez allegedly expended on preparing his report also seems excessive and unreasonable. Specifically, he was retained as an expert to inspect the property. Therefore, the 2 hours of phone conversations with one of the plaintiffs (who is not identified) should be excluded. Likewise, when conducting the inspection, Mr. Baez gave immediate feedback on each of the areas he considered to be non-compliant (e.g., light fixtures in the hallway were too low, slope of a ramp was too steep, parking spaces should be marked in blue paint, etc.). Therefore, his claim that 2 hours was needed to analyze, download and print the digital photos taken and that 12.5 hours was needed to research the alleged ADA violations, which Access-Ability deals with on a daily basis, is excessive. Indeed, much of the report simply quotes various regulations. Accordingly, the time to prepare the report should be reduced from 14.5 to 6 hours. Also, given that Plaintiffs' counsel attended the inspection, and reviewed the Report on 8/31/2005 for 1.3 hours, the inclusion of an hour's time for conversations with Plaintiffs' counsel is excessive and unnecessary, and should be excluded. In sum, Plaintiffs' expert's report should be reduced

to $1,650 (11 hours at $150 per hour).

H.     Travel Expenses For Expert

Plaintiffs choose to retain an expert in Florida for this action in Massachusetts. Plaintiffs have made no offering that a competent ADA expert was not available in Massachusetts. Accordingly, Delancey should not be responsible for Plaintiffs' expert travel expenses. Specifically, Plaintiffs seek reimbursement for $589.46 for "Lodging, Meal(s) & Tip(s), Rental car for expert," but do not provide any of the receipts for such expenses. Furthermore, given that the inspection was scheduled for the afternoon of August 5, 2005 and lasted only a few hours, no lodging was even required for the expert. Therefore, these alleged expenses should be excluded from an award.

I.     Airfare for Attorney for Inspection

During the inspection, defense counsel believes that Attorney Fuller stated that he was in Massachusetts for a conference and arranged the inspection around previously arranged schedule in Massachusetts. Therefore, Delancey should not be responsible for his airfare.

IV.    CONCLUSION.

As outlined above, many of the fees and expenses submitted by Plaintiffs' counsel are unreasonable and should be excluded from an award in this case. A reasonable award would be approximately $12,000 for legal fees and $1,930.00 for costs (filing fee, service of process fee, and reduced expert fee).

DEFENDANT – DELANCY CLINTON ASSOCIATES, L. P.

By: /s/ Michael Colgan Harrington
    Michael Colgan Harrington - #BBO565144
    mharrington@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2006, a copy of the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFFS' VERIFIED APPLICATION FOR ATTORNEYS' FEES COSTS AND EXPERT'S FEES AND ACCOMPANYING MEMORANDUM OF LAW was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. A copy was also served to the following via first class mail:

John Fuller, Esq.
Fuller, Fuller and Associates, P.A.
12000 Biscayne Boulevard, Suite 609
North Miami, FL 33181

/s/ Michael Colgan Harrington
Michael Colgan Harrington
#BBO565144
mharrington@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
Its Attorneys

903754