UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACCESS 4 ALL, INC. and : | |
| FELIX ESPOSITO, : | |
| : | |
| Plaintiffs, : | CIVIL ACTION NO. |
| : | 04-12347 (MAP) |
| v. : | |
| : | |
| DELANCEY CLINTON ASSOCIATES, : | |
| L.P., a Pennsylvania Limited Partnership : | |
| : | |
| Defendant. : | AUGUST 31, 2006 |

DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO
SUPPLEMENT PLAINTIFF'S VERIFIED APPLICATION FOR
ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS

Defendant Delancey Clinton Associates, L.P. (hereinafter, "Delancey") hereby objects to Plaintiffs' Motion to Supplement their Verified Application for Attorneys' Fees, Litigation Expenses and Costs. The supplementation states that an additional 12.5 hours were spent by John Fuller, at a cost of over $4,000.00, to respond to Delancey's memoranda. Such an amount of time is unreasonable. In addition, Plaintiffs' counsel states that he discussed the matter with opposing counsel on August 16, 2006. As attached in the accompanying affidavit, Attorney Fuller had no such communication with the undersigned. Accordingly, the supplementation of Plaintiff's Application should be rejected or substantially reduced.

ARGUMENT

I.    <u>Plaintiffs' Counsel's Time For Plaintiffs' Response Is Unreasonable.</u>

Plaintiffs' Counsel, who spent 12.7 hours researching and preparing his original memorandum in support of his application for fees, expenses and costs, now has submitted a verified submission stating that he spent over 12 hours researching and drafting his response to Delancey's opposition. Such an amount of time is patently unreasonable for several reasons.

First, Delancey only relied upon a few additional cases that Plaintiffs' counsel did not cite in his memorandum. Accordingly, there should not have been any need for extensive additional research. Furthermore, in light of Plaintiff's counsel's self-proclaimed status as "a national ADA law firm" (Reply, p. 2), which actively practices in Massachusetts and Florida, such significant time for legal research should not have been necessary.

Second, most of Plaintiffs' Counsel's response is comprised of unsupported assertions that various fees, costs or expenses are reasonable and should be awarded (e.g., open/close file charge (Reply, p.12), pre-complaint expert fee (Reply, pp. 13-14) etc.). For example, Plaintiffs' counsel claims that Delancey was "not cooperative in the service process" and played "a game of cat and mouse" because a lawyer who represents the Company on certain matters and the Company's president would not accept service. (Reply, pp. 2, 9). Yet, Plaintiffs acknowledge that Defendant readily accepted service of process when it was presented to its Massachusetts' agent. (Reply, p. 9).

As another example, Plaintiffs' counsel does not state what messages he left for the undersigned, but states that they "presumably were detailed and provided opposing counsel

with necessary legal information." (Reply, p. 9). The undersigned does not recall any such messages. Most of the messages simply asked the undersigned to return Attorney's Fuller's call. Counsel did have two to three detailed, lengthier conversations regarding the specifics of the settlement and those are reflected in Attorney Fuller's time entries.

Furthermore, Plaintiffs' counsel's reply brief largely ignores the precedent in this District and argues why this Court should not distinguish between core and non-core activities.

For these reasons, it does not appear reasonable for a highly experienced attorney to spend over 12 hours preparing a reply brief in this matter.

II.     Plaintiffs' Counsel Did Not Have Communication With Opposing Counsel On
        August 16, 2006

In his submission to this Court, Plaintiffs' counsel attested to the fact that he spent some unspecified period of time "[d]iscuss[ing] matter with opposing counsel" on August 16, 2006. No such conversation ever occurred between Attorney Fuller and the undersigned, who was the only defense counsel Attorney Fuller has ever dealt with on this action. (Affidavit of Michael Harrington, attached hereto at Tab A). Such an incorrect statement calls into question the accuracy of Attorney Fuller's other time entries.

### CONCLUSION

For the reasons contained herein and in Delancey's August 14, 2006 Memorandum, the Plaintiffs' Application, as submitted, is unreasonable. Although several months passed between the property inspection and the ultimate settlement of this matter, the negotiations

-4-

between the parties did not involve extensive activity.  Accordingly, Plaintiffs' Application should be substantially reduced.

                DEFENDANT – DELANCEY CLINTON
                ASSOCIATES, L. P.


By: /s/ Michael Colgan Harrington
    Michael Colgan Harrington - #BBO565144
    mharrington@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2006, a copy of the foregoing DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO SUPPLEMENT PLAINTIFF'S VERIFIED APPLICATION FOR ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS AND ACCOMPANYING AFFIDAVIT was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. A copy was also served to the following via first class mail:

John Fuller, Esq.
Fuller, Fuller and Associates, P.A.
12000 Biscayne Boulevard, Suite 609
North Miami, FL 33181

/s/ Michael Colgan Harrington
Michael Colgan Harrington
#BBO565144
mharrington@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
Its Attorneys

907205

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ACCESS 4 ALL, INC. and : 
FELIX ESPOSITO, :
:
      Plaintiffs, :    CIVIL ACTION NO.
:     04-12347 (MAP)
v. :
:
DELANCEY CLINTON ASSOCIATES, :
L.P., a Pennsylvania Limited Partnership :
:
      Defendant. :

### AFFIDAVIT OF MICHAEL C. HARRINGTON IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO SUPPLEMENT PLAINTIFF'S VERIFIED APPLICATION FOR ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS

I, Michael C. Harrington, being duly sworn hereby depose and say:

1. I am over the age of eighteen (18) years and understand the obligations of an oath.

2. I submit this Affidavit in support of Defendant's Objection to Plaintiffs' Motion to Supplement its Verified Application for Attorneys' Fees, Litigation Expenses and Costs.

3. I have been the only counsel to work on this action for the Defendant and who has communicated with Plaintiffs' counsel, John Fuller, Esq.

4.  Since filing Defendant's Opposition to Plaintiff's Application to Attorneys' Fees, Costs and Expert Fees, I have not communicated with Attorney Fuller, including on August 16, 2006.

5.  Most of the messages I recall receiving from Attorney Fuller were simple requests asking me to return his call.

6.  I declare, under penalty of perjury under the laws of the State of Connecticut, that the foregoing is true and correct.

_____
Michael C. Harrington

State of Connecticut    )
                        ) ss    Hartford
County of Hartford      )

Subscribed and sworn to before me this 31st day of August, 2006.

_____
Notary Public
My Commission Expires:

DIANE M. BRUNOLI
A NOTARY PUBLIC OF CONNECTICUT
MY COMMISSION EXPIRES 6/30/2010

907206

2