UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ACCESS 4 ALL, INC., a Not for Profit Corporation and FELIX ESPOSITO, Individually,<br>　　　　　　　　Plaintiffs<br><br>　　　v.<br><br>DELANCEY CLINTON ASSOCIATES, L.P., a Pennsylvania Limited Partnership,<br>　　　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04-12347-KPN |

MEMORANDUM AND ORDER WITH REGARD TO
PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS
(Document No. 36)
January 8, 2007

NEIMAN, C.M.J.

　　Presently before the court is the application of Access 4 All, Inc. and Felix Esposito ("Plaintiffs") for attorneys' fees, expert fees and costs totaling $41,480.37. Delancey Clinton Associates, L.P. ("Defendant") acknowledges that Plaintiffs are entitled to fees and costs but asserts that the court should drastically reduce the amount requested. For the reasons which follow, the court will allow Plaintiffs' motion, but reduce the total amount (as calculated below) to $28,849.30.

I. BACKGROUND

　　On November 14, 2004, Plaintiffs commenced this action claiming that Defendant owns and operates a Holiday Inn Hotel in Springfield, Massachusetts, in

violation of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("the ADA"). In particular, Plaintiffs asserted that architectural barriers exist at the property which prevent Plaintiffs and other disabled persons from using and enjoying the services offered there.

On June 1, 2006, the parties entered into a Settlement Agreement wherein Defendant, without admitting liability, agreed to make modifications to the premises, with particular emphasis on parking, exterior routes, interior ramps, public restrooms, guest rooms and alarms. The agreement also provided that Defendant was to pay Plaintiffs' reasonable attorneys' fees and costs and that, if the parties were unable to agree thereon, the amounts to be awarded would be determined by the court. That is the precise issue now raised by Plaintiffs' motion.

## II. STANDARDS

A court's analysis of a civil rights fee request is not done in a vacuum. "In applying for judicial approval of a fee award, it is the plaintiff's burden to furnish the evidence required, not the court's burden to seek it out." *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 527 n.11 (1st Cir. 1991). Likewise, a defendant's objection needs a certain level of particularity and specificity. *See Brewster v. Dukakis*, 786 F.2d 16, 18-19 (1st Cir. 1986). Here, both sides have arisen to the occasion.

The court must necessarily "engage in a thoughtful analysis of the number of hours expended and the hourly rates charged to ensure both are reasonable." *Guckenberger v. Boston Univ.*, 8 F.Supp. 2d 91, 100. (D. Mass. 1998). *See also King v. Greenblatt*, 560 F.2d 1024, 1026-27 (1st Cir. 1977). In doing so, the court is obliged

"to see whether counsel substantially exceeded the bounds of reasonable effort." *United States v. Metro. Dist. Comm'n,* 847 F.2d 12, 17 (1st Cir. 1988) (citation and internal quotation marks omitted). Typically, a court computes a "lodestar," *i.e.*, the product of the number of hours reasonably expended multiplied by reasonable hourly rates, "by ascertaining the time counsel actually spent on the case 'and then subtract[ing] from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary.'" *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992) (quoting *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984)). Then the court applies hourly rates in accord with the prevailing community rates for comparable attorneys. *Id.* To say that a trial court mulling a fee request must fashion a lodestar, however, "is not to say that the court is in thrall to an attorney's time records." *Coutin v. Young & Rubicam P.R.,* 124 F.3d 331, 337 (1st Cir. 1997). The court, in its discretion, "can segregate time spent on certain unsuccessful claims, eliminate excessive or unproductive hours, and assign more realistic rates to time spent" and, ultimately, "may fashion a lodestar which differs substantially from the fee requested by the prevailing party." *Id.* (citations omitted).

### III. DISCUSSION

Plaintiffs' fee request arises out of the participation of three attorneys and one paralegal at the following hourly rates: John Fuller ("Fuller") ($325), O. Oliver Wragg ("Wragg") ($325); Tracie Dickerson ("Dickerson") ($240), and an unnamed paralegal ($115). Plaintiffs have provided a table showing the hours claimed to have been worked by their representatives at each individual's hourly rates. Fuller claims 72.7

3

hours, Wragg 6.3 hours, and Dickerson 9.3 hours. Plaintiffs also claim 4.1 hours of paralegal time. At the rates requested, the fees total $28,378.50.[1] Plaintiffs also seek $2,651.87 in costs and $6,387.50 (36.5 hours at $175 per hour) in expert fees. In addition, Plaintiffs seek $4,062.50 in attorneys' fees for filing a supplement to their application.

In response, Defendant proposes that Plaintiffs be awarded less than half the attorneys' fees sought and less than twenty-five percent of the costs and expert fees claimed. In calling for such reductions, Defendant claims that Plaintiffs' attorneys' hourly rates are too high and that certain efforts ought not be compensated. Defendant also faults Plaintiffs for "[i]gnoring the precedent in the First Circuit" to allocate time -- and therefore rates -- between core and non-core activities. To this end, Defendant suggests two rates for each of Plaintiffs' attorneys, as follows: Fuller at $285 (core) and $188 (non-core), Wragg at $260 (core) and $172 (non-core), and Dickerson, who was admitted to the bar in April of 2004, at $140 (core) and $92 (non-core). Defendant also suggests that $70, rather than $115, is an appropriate rate for a paralegal whose

---

[1] By the court's calculation, this $28,378.50 amount breaks down as follows:

| | | | |
|---|---|---|---|
| Fuller | 72.7 hours x $325 | = | $23,627.50 |
| Wragg | 6.3 hours x $325 | = | 2,047.50 |
| Dickerson | 9.3 hours x $240 | = | 2,232.00 |
| paralegal | 4.1 hours x $115 | = | 471.50 |
| | | | $28,378.50 |

This contrasts somewhat to the calculations made by Plaintiffs in Exhibit 9 to their motion, in which they seek fees of $28,972.50. Mr. Wragg's fee, however, was mistakenly calculated by Plaintiffs at $425, not $325 per hour, and the paralegal's fee, at the hours claimed, actually amounts to $471.50, not $435.50.

services were generally clerical in nature.

Defendant's argument to the contrary, the First Circuit has not mandated the core/non-core method of determining attorneys' fees.  Rather, as this court has observed, "the First Circuit has made clear that a court has discretion to employ either a unified rate for all legal activities or a differential rate for core and non-core activities." *Rolland v. Cellucci*, 106 F.Supp.2d 128, 143 (D. Mass. 2000).  To be sure, the more prevalent practice in this district is to apply the core/non-core distinction.  *See Parker v. Town of Swansea*, 310 F.Supp. 2d 376, 391 (D. Mass. 2004) (Dein, M.J.); *LaPlante v. Pepe*, 307 F.Supp. 2d 219, 225 (D. Mass. 2004) (Gertner, J.); *Alfonso v. Aufiero*, 66 F.Supp. 2d 183, 196 (D. Mass. 1999) (Saris, J.); *McLaughlin by McLaughlin v. Boston Sch. Comm.*, 976 F.Supp. 53, 62 (D. Mass. 1997) (Garrity, J).  Others, however, find this approach "unrealistic and potentially inaccurate." *Change the Climate, Inc. v. Mass. Bay Transp. Auth.*, 2005 WL 3735100, at *3 (D. Mass. June 8, 2005) (Keeton, J.). ("firms simply do not divide their work into core and non-core hours").  *See also Mogilevsky v. Bally Total Fitness Corp.*, 311 F.Supp. 2d 212, 217-18 (D. Mass. 2004) (Young, J.) (choosing not to follow core/non-core approach).  This court too has opted to apply uniform rates, particularly when the litigation does not present a clear line between core and non-core efforts.  *See Rolland v. Cellucci*, 106 F.Supp. 2d 128, 143 (D. Mass. 2000).

The court will apply uniform rates here as well.  The attorneys' efforts expended on the litigation were fairly consistent over the course of time and involved mostly non-court activities.  Thus, the court would find it unproductive to scrutinize the time sheets

to apply two rates to each attorney. Interestingly, Defendant has not undertaken that task either; Defendant simply suggests that a reasonable award for attorneys' fees would be "approximately" $12,000.

Defendant's arguments again to the contrary, the rates requested by Fuller and Wragg, both of whom are experienced attorneys, twenty-five and fourteen years respectively, are not significantly out of line with rates recently approved in this district. *See Bogan v. City of Boston*, 432 F.Supp. 2d 222, 230 (D. Mass. 2006) ($300 for an experienced attorney in civil rights case), *LaPlante*, 307 F.Supp. 2d at 224 ($300 for an hour experienced litigation associate with little experience in civil rights cases), or by this court in this division, *Rolland*, 106 F.Supp. 2d at 143 ($250 per hour for an experienced ADA attorney). *See also Zurakowski v. D'Oyley*, 46 F.Supp. 2d 87, 89 n.2 (D. Mass 1999) ($240 per hour); *Alfonso*, 66 F.Supp. 2d at 197 ($250 per hour). Still, taking into account prevailing rates in this area, prior rates approved by this court and, most particularly, the fact that practically all the effort expended by Plaintiffs' representatives involved non-court time, the court will apply the following harmonized rates: Fuller ($275), Wragg ($225), Dickerson ($160), and paralegal ($90). *See Mogilevsky,* 311 F.Supp.2d at 218.

In contrast to its general suggestion regarding the total amount of fees which the court ought to award, Defendant advances certain specific objections to Plaintiffs' fee request which the court finds meritorious. For example, Defendant seeks to eliminate three hours expended over sixteen separate days for time -- at twelve minutes a pop -- described by Plaintiffs as leaving telephone messages for Defendant's counsel.

Although the court does not agree that the time expended for each message ought not have involved more than thirty seconds, as Defendant suggests, it will nonetheless exclude two of the three hours claimed by Fuller.  Reasonable time periods are not necessarily measured by twelve minute slots on an attorney's time sheet.

Similarly, Defendant challenges as excessive certain time spent by Fuller preparing for a status conference (5.3 hours), preparing an initial draft settlement agreement (4 hours), and preparing a notice of deposition, updating an expert witness disclosure and making modifications to the proposed settlement agreement (together, 3.8 hours).  Defendant also challenges 14 hours spent by Fuller to prepare Plaintiffs' application for fees and costs.  All this time, Defendant asserts, should be reduced by half.  For its part, the court, having reviewed the records and having considered Plaintiffs' explanations, will reduce the 5.3 hours spent preparing for the status conference to 2, but otherwise let Plaintiffs' request stand.

Finally, as requested by Defendant, the court will eliminate the 12.5 hours (and, in turn, $4,062.50 in requested fees) claimed by Fuller to respond to Defendants' opposition to Plaintiffs' fee petition.  While Fuller no doubt spent time reviewing and responding to that opposition, the court makes this reduction on the basis of Defendant's affidavit that its counsel had no discussion with Fuller on August 16, 2006, as Fuller claims.  Defendant's assertion that this claim on Plaintiffs' part is "false" is quite serious, remains unrebutted and is enough, in the court's view, to eliminate the entire supplemental request of 12.5 hours.

The court, however, rejects yet other suggestions by Defendant to reduce the

7

fee award.  For example, Defendant challenges as "vague and imprecise" certain of Plaintiffs' counsels' records.  The court, however, has reviewed the references and finds them sufficiently detailed to withstand Defendant's challenge.  Defendant also asks the court to exclude 9.4 hours variously expended by Plaintiffs' attorneys serving the complaint.  Again, without attributing blame for the extra effort entailed, the court is convinced that Plaintiffs' efforts were reasonable under all the circumstances.  Finally, Defendant challenges one-half of Fuller's 4.2 hours of travel time to attend a property inspection on August 5, 2005.  The court, however, is convinced that the time was reasonably spent for appropriate legal work under the auspices of Fed. R. Civ. P. 34.

In sum, the court will deny Plaintiffs' supplemental request (set forth in Document No. 42) and, in addition, reduce Fuller's remaining fee by 5.3 hours.  Applying the rate chosen by the court ($275) to the reduced total of 67.4 hours, Fuller's fee will be $18,535.  The amount awarded to Wragg will be $1,417.50 (6.3 hours at $225), to Dickerson $1,488.00 (9.3 hours at $160), and to the paralegal $369 (4.1 hours at $90), for a total of $21,809.50.

As for costs claimed in the total amount of $2,651.87, the court will approve all costs as reasonable except the open/close file charge ($175), the anticipated re-inspection fee ($750), the *pro hac vice* fees ($100), and courier service expenses ($62.07).  Reducing the $2,651.87 figure by disapproved costs of $1,087.07, the court will award costs in the amount of $1,564.80.  Finally, Defendant's argument notwithstanding, the court finds the 36.5 hours spent by Plaintiffs' expert reasonable, but will reduce the hourly fee from $175 to $150 per hour for the reasons set forth in

Defendant's opposition. Expert fees, therefore, will be awarded in the amount of $5,475.

## IV. CONCLUSION

Based upon the foregoing, the court will ALLOW Plaintiffs' motion in the following amounts: attorneys' fees of $21,809.50, costs of $1,564.80, and expert fees of $5,475, for a total award of $28,849.30. Said amount shall be paid by Defendant within thirty days.

IT IS SO ORDERED.

DATED: January 8, 2007

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
Chief Magistrate Judge